**NOT RECOMMENDED FOR PUBLICATION**
File Name: 09a0178n.06
Filed: March 4, 2009

**No. 08-3355**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

XUE RONG ZHENG,                                )
                                               )
    Petitioner,                             )
                                               )
                                               )  PETITION FOR REVIEW OF AN
v.                                             )  ORDER OF THE BOARD OF
                                               )  IMMIGRATION APPEALS
                                               )
ERIC H. HOLDER, JR., United States Attorney    )
General,                                       )
                                               )
    Respondent.                             )

Before: SILER, COOK, and McKEAGUE, Circuit Judges.

**SILER**, Circuit Judge.  Xue Rong Zheng petitions for review of the decision of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  He argues that (1) he was credible; (2) he established a well-founded fear of future persecution; and (3) the BIA abused its discretion by not reopening and remanding the proceedings to the IJ.  For the following reasons, we **DENY** the petition for review.

**I.  BACKGROUND**

Zheng, a native and citizen of the People's Republic of China, entered the United States in 1990 or 1993 without inspection.  In 1993, he filed an application for asylum, withholding of removal, and protection under CAT.

At his removal hearing, he claimed that he left China in 1989 because he feared that he would be arrested for participating in student demonstrations when he was 13 years old. He attended with his cousin who was arrested after the last demonstration and imprisoned for ten years. A couple of days later, the police came to Zheng's house to arrest him, but he was not home. The police told his father that Zheng was to report to the police station. Instead, he and his father hid at a friend's house until Zheng left for the United States. After Zheng left, his father was arrested, detained for half a year, and beaten up while in detention. After being released, his father learned that he had lost his job at a state-run factory and that Zheng had been dismissed from school. Zheng's father and younger brother live in China without harm, but Zheng fears returning to China because of his participation in the student demonstrations.

Zheng offered a letter from his father to corroborate his claim, but he did not offer any letters from his aunt or cousin regarding his participation in the student demonstrations or his cousin's arrest. He also did not reference any arrest warrants, police reports, or official proceedings involving him or his family.

Zheng also claimed that he feared returning to China because of his practice of Falun Gong since 2005. He did not present any evidence to corroborate his claim.

He also said that he lived in New York before moving to Ohio to work. He did not recall when he left New York, the year or his age. While in New York, he met and married Katherine Vasquez. In 2001, he applied for an adjustment of status, but the Department of Homeland Security ("DHS") denied his application because he did not establish a *bona fide* marital relationship. The couple divorced in 2005. In 2007, he filed his second application for adjustment of status. After an

No. 08-3355
Zheng v. Mukasey

I-140 petition filed on his behalf was approved, he filed a motion with the BIA to remand, requesting

consideration of his application by the IJ. He argued that he was eligible for status adjustment under

8 U.S.C. § 1255(i) because his 2001 application was "approvable when filed" or "properly filed,

meritorious in fact, and non-frivolous." 8 C.F.R. §§ 316.10, 1245.10(a)(3).

The IJ denied Zheng's application for relief and ordered him removed to China. The IJ found

that Zheng's testimony was not credible because of (1) inconsistencies between his testimony and

a letter from his father regarding Zheng's age at the time of the demonstrations, the number of

demonstrations attended, and the length of his father's detention and (2) the vague descriptions of

the first four alleged demonstrations. In the alternative, the IJ found that Zheng had not established

that he had a well-founded fear of future persecution in China on account of his political opinions

or religious beliefs. The IJ also found that he did not establish that he practiced Falun Gong.

The BIA adopted and affirmed the IJ's decision and dismissed Zheng's appeal. It found that

the IJ's adverse credibility finding was not clearly erroneous. It also denied his motion to reopen and

remand the proceedings to the IJ for consideration of his second application for adjustment of status.

It found that Zheng was not a "grandfathered alien" under 8 U.S.C. § 1255(i) because his first visa

petition was not "approvable when filed." It also stated that Zheng failed to provide *prima facie*

evidence that his application showed that he would be eligible for a status adjustment and did not

meet the "heavy burden" of showing that a motion to reopen was warranted.

## II. JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction to review a final order of removal under 8 U.S.C. § 1252.

"Because the BIA summarily adopted the IJ's decision without issuing its own opinion, we review

- 3 -

No. 08-3355
Zheng v. Mukasey

the decision of the IJ as the final administrative order." *Ramaj v. Gonzales*, 466 F.3d 520, 527 (6th Cir. 2006). We review the IJ's factual findings, including adverse credibility findings, under the substantial evidence standard and reverse only if "any reasonable adjudicator would be compelled to conclude to the contrary." *Yu v. Ashcroft*, 364 F.3d 700, 702-03 (6th Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(B)). We review the BIA's denial of a motion to reopen and remand for abuse of discretion. *Sarr v. Gonzales*, 485 F.3d 354, 363 (6th Cir. 2007).

### III.  DISCUSSION

**(1)  The IJ's Credibility Determination**

The IJ provided specific reasons for his adverse credibility findings that were "based upon issues that go to the heart of the applicant's claim" or that can be viewed as attempts to enhance his claim. *See Ramaj*, 466 F.3d at 527. Given the inconsistencies in Zheng's testimony and his father's letter and the lack of corroborating evidence to support his claims, the IJ's credibility determination was reasonable and supported by substantial evidence.

Zheng claimed that he fled China and had a well-founded fear of persecution because of his political opinion or involvement in pro-democracy student demonstrations. However, the IJ found inconsistencies in the record involving the extent of Zheng's political involvement. *See Ramaj*, 466 F.3d at 528 (providing that "an inconsistency about the level of involvement in political activities . . . goes to the heart of the claim"). Zheng testified that he had distributed leaflets and collected donations at "probably four or five" student demonstrations, but his father only mentioned one student parade. Zheng stated that he was 13 years old at the time of the student demonstrations, but the two translations of his father's letter provide that he was 19 or "10 and some years old." His

father also noted that he was not worried at first because his son "had nothing to do with politics." In addition, the IJ found that the record was inconsistent regarding the length of his father's detention. Zheng claimed that his father was detained for "half a year," and his father provided that he was detained for a "few months." Zheng also testified that his father was beaten while he was detained. His father stated that his house and belongings were damaged but did not mention any physical harm. Finally, the IJ found that Zheng was vague when describing his participation in the demonstrations prior to June 4, 1989. Zheng provided little information on the purpose of the student movement or why he collected donations.

Zheng did not present any other evidence to corroborate his claim. Although an alien is not required to produce corroborating evidence – his testimony alone can be sufficient – and such evidence may be difficult to ascertain, his failure to do so further supports the IJ's adverse credibility finding. *See Pilica v. Ashcroft*, 388 F.3d 941, 954 (6th Cir. 2004).

Additional inconsistencies and unanswered questions – such as when Zheng left China, when he arrived in the United States, when he moved from New York to Ohio, and whether he received work authorization – are minor and have no bearing on whether he should be returned to China. However, their "cumulative effect" gives further support to the IJ's adverse credibility finding. *See Yu*, 364 F.3d at 704.

**(2) Asylum**

To be eligible for asylum, an applicant must show that he is a "refugee," which includes any person that is unable or unwilling to return to his home country because of a well-founded fear of future persecution based on political opinion or religion. 8 U.S.C. § 1101(a)(42)(A).

### A. Political Opinion

The IJ reasonably found that Zheng did not establish a well-founded fear of future persecution because of his participation in the student demonstrations when he was 13 years old. The IJ found that it was "implausible that the Government of China would be still seeking out to persecute" such a young, minor participant in a few demonstrations so many years earlier. *See Pilica*, 388 F.3d at 954 (providing that "political involvement, consisting merely of attending five demonstrations at which he held up signs, yelled, and applauded, was 'sparse'" and not sufficient to establish a well-founded fear of future persecution). The IJ also found that Zheng did not meet his burden of establishing that he participated in the student demonstrations because his testimony was vague and provided very little detail and he presented insufficient evidence to corroborate his claim. Moreover, Zheng's father and younger brother remain in China without harm. There is no evidence that his father has been threatened, arrested, or detained since the arrest in 1990 or that the police are still seeking Zheng for questioning or punishment. In sum, the IJ reasonably concluded that Zheng did not provide sufficiently detailed explanations or reasonably expected corroborating evidence to meet the burden of proof necessary for granting asylum. *See Dorosh v. Ashcroft*, 398 F.3d 379, 382-83 (6th Cir. 2004).

### B. Religious Beliefs

The IJ reasonably found that Zheng did not establish a well-founded fear of future persecution based on his religious beliefs because he did not show that he was a Falun Gong practitioner. Zheng provided that he was introduced to Falun Gong by an American, Michael, in 2005. He practiced Falun Gong in his room while living with co-workers and discussed this practice

with them. None of these individuals provided statements to support Zheng's interest in or practice of Falun Gong. Zheng also sought a Master or teacher in the United States, contacting at least two Masters in Ohio. Neither Master provided a statement to support the alleged contact. Now, Zheng lives alone and continues to practice Falun Gong alone in his apartment once or twice a week by reading, calming his mind, finding information on the Internet, watching videos, and performing exercises (two or three times a week). He claims that he has lost contact with the people that knew of his practice of Falun Gong so that his claim cannot reasonably be corroborated. The IJ did not err in concluding that Zheng failed to establish that he practiced Falun Gong. *See id.*

### (3) Withholding of Removal

The burden of proof for withholding of removal is more stringent than that for asylum. *See Pilica*, 388 F.3d at 951. Because Zheng failed to meet the burden of proof for his asylum claim, he necessarily failed to meet the higher burden of proof for withholding of removal.

### (4) Relief under the Convention Against Torture

Under CAT, the applicant must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Zheng did not make a CAT claim separate from his claim for asylum. For the same reasons that he has failed to show that persecution is more likely than not, he has failed to show that torture is more likely than not. *See Berri v. Gonzales*, 468 F.3d 390, 398 (6th Cir. 2006).

### (5) Motion to Reopen for Adjustment of Status

An alien may file a motion to reopen and remand if there are new facts that establish eligibility for the relief sought. 8 C.F.R. § 1003.2(c); *Yousif v. INS*, 794 F.2d 236, 241 (6th Cir.

1986). He may show eligibility for an adjustment of status under 8 U.S.C. § 1255(i) if he is the beneficiary of a visa petition filed on or before April 30, 2001 that was "approvable when filed." To be "approvable when filed," the petition must be "properly filed, meritorious in fact, and non-frivolous . . . based on the circumstances that existed at the time the qualifying petition . . . was filed." *In re Riero*, 24 I. & N. Dec. 267, 268 (BIA 2007) (quoting 8 C.F.R. § 1245.10(a)(3)). The denial of a previous petition is significant, but not determinative, of whether the petition was "meritorious in fact." *Id.*

The BIA properly exercised its discretion in denying Zheng's motion to reopen and remand because "[t]here was insufficient evidence that [Zheng's] marriage was *bona fide* at the time the petition was filed" and Zheng "failed to demonstrate that the marriage visa petition was 'approvable when filed.'" In support of his claim that his marriage was *bona fide*, Zheng offered several documents. However, it appears that the only new information was two affidavits from Zheng's friends stating that Zheng got married; he moved into his wife's parents' house; he was apart from his wife most of the time; and his wife had an affair (or was still seeing her ex-boyfriend). The evidence initially presented to the DHS (along with interviews of Zheng and Vasquez) did not demonstrate a *bona fide* marriage, and Zheng did not provide any new facts that established eligibility for the relief sought. The BIA properly decided that he "failed to meet the 'heavy burden' of showing that a motion to reopen was warranted."

**PETITION DENIED.**