REVISED May 8, 2008

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

February 8, 2008

Charles R. Fulbruge III
Clerk

No. 06-20866

JOHN AYANBADEJO; FELICIA AYANBADEJO

Plaintiffs - Appellants

v.

MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND
SECURITY ET AL.

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas

Before WIENER, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants John Ayanbadejo and Felicia Malveaux Ayanbadejo filed this action against Defendants-Appellees Michael Chertoff, in his official capacity as Secretary of the Department of Homeland Security ("DHS"), and District Director Sharon A. Hudson of the United States Citizenship and Immigration Services ("USCIS"), which is part of DHS, and that agency, seeking declaratory, injunctive, and mandamus relief from adverse immigration decisions by these officials. As the district court incorrectly concluded that it lacked subject matter jurisdiction to review the denial of Felicia's I-130 visa

petition, we reverse the decision of the district court granting the government's motion to dismiss and remand for a new trial.

## I. Facts and Proceedings

John, a citizen of Nigeria, met Felicia, a United States citizen residing in Beaumont, Texas, during a visit to the United States on a tourist visa in December 1996. The couple married on February 10, 1997. Less than a month after their marriage, Felicia filed a Form I-130 "Petition for Alien Relative" to have John classified as an "immediate relative."[1] John subsequently filed a Form I-485 "Application to Register Permanent Residence or Adjust Status" to become a lawful permanent resident.[2]

On December 5, 2000, after an investigation by the USCIS raised doubts about the validity of the Ayanbadejos' marriage, the USCIS issued a notice of intent to deny Felicia's I-130 petition and John's I-485 application.[3] On April 17, 2001, Felicia filed a second I-130 petition seeking an immediate relative visa for John, and John filed a second I-485 application requesting adjustment of his status. On June 26, 2002, the USCIS issued a notice of intent to deny Felicia's second I-130 petition on the same ground as its previous notice of intent to deny — that the Ayanbadejos' union was not bona fide but was a sham marriage, entered into solely for immigration purposes. Felicia filed a response to USCIS's notice with additional documentation. Unpersuaded, on October 9, 2002, the

---

[1] See 8 U.S.C. § 1154(a)(1)(A)(i) (providing that "any citizen of the United States claiming that an alien is entitled to . . . an immediate relative status . . . may file a petition with the Attorney General for such classification"); 8 U.S.C. § 1151(b)(2)(A)(i) (defining "immediate relative" to include citizen's spouse).

[2] See 8 U.S.C. § 1255(a) (providing that Attorney General may, "in his discretion," adjust alien's status to legal permanent resident).

[3] In its notice, USCIS stated that Felicia acknowledged that she lived in Beaumont, Texas while John lived in New York and New Jersey, and that she had not visited John. John provided evidence that he had flown to Houston, Texas, where some of his relatives live, but provided no evidence that he had visited Felicia. The couple also failed to provide sufficient documentation that they shared financial accounts.

USCIS issued a notice of denial of the Felicia's I-130 petition and John's I-485 application.

When the USCIS denied the Ayanbadejos' I-130 petition and I-485 application based on its finding that their marriage was entered into for the purposes of circumventing immigration laws, the Ayanbadejos filed an appeal with the Board of Immigration Appeals ("BIA") of the United States Department of Justice. On June 16, 2005, the BIA affirmed the USCIS's decision without a written order. John subsequently filed a petition for review of the BIA's decision with us, which we dismissed for lack of jurisdiction.

The Ayanbadejos then filed a complaint in district court. The government filed a motion to dismiss for lack of subject matter jurisdiction,[4] arguing that the REAL ID Act of 2005, codified at 8 U.S.C. § 1252(a)(2)(B), eliminated the district court's right to review the Ayanbadejos' I-130 petition and I-485 application.

The Ayanbadejos filed a motion to amend their complaint, in which they alleged that: (1) their constitutional rights had been violated when they were denied a full and fair hearing before the USCIS and BIA; (2) their rights under the Freedom of Information Act ("FOIA") had been violated when they requested, but did not receive, their immigration records within 30 days of filing a request, as required by FOIA; and (3) their rights under the International Covenant on Civil and Political Rights ("ICCPR") were violated by the errors and omissions of the USCIS and BIA.

The district court held that: (1) the immigration decisions involving the Ayanbadejos did not violate their constitutional rights because the correct standards were employed in determining that the couple failed to provide sufficient evidence that their marriage was bona fide; (2) the USCIS's denials of Felicia's I-130 petition and John's I-485 application were within its discretion

---

[4] See FED. R. CIV. P. 12(b)(1).

and therefore not subject to judicial review; (3) the Ayanbadejos' FOIA claim was moot because the records they requested had been produced; and (4) their claim under the ICCPR did not present a cognizable cause of action. For these reasons, the court denied the Ayanbadejos' motion to amend their complaint to present their FOIA and ICCPR claims, and granted the government's motion to dismiss for lack of subject matter jurisdiction. The Ayanbadejos filed a motion for new trial, which the district court denied. The Ayanbadejos then timely filed a notice of appeal.

## II. Standard of Review

We review de novo the district court's grant of a motion to dismiss under Rule 12(b)(1).[5] We review the district court's decision to grant or deny a motion to amend for abuse of discretion.[6]

## III. Analysis

The Ayanbadejos raise three issues on appeal: (1) whether the district court erred in granting the government's motion to dismiss for lack of subject matter jurisdiction because § 1252(a)(2)(B) precluded its review of the Ayanbadejos' I-130 petition and I-485 application; (2) whether the court erred in denying the Ayanbadejos' motion to amend their complaint to include their FOIA and ICCPR claims; and (3) whether the court erred in denying the Ayanbadejos' motion for a new trial. Issues Two and Three are without merit, but our analysis of Issue One, which presents a matter of first impression, leads us to conclude that the district court did, in fact, have subject matter jurisdiction to review Felicia's I-130 petition, requiring us to reverse the district court's ruling and remand to the district court for a new trial.

## A. Subject Matter Jurisdiction

---

[5] Premiere Network Servs., Inc. v. SBC Commc'ns, Inc., 440 F.3d 683, 687 (5th Cir. 2006); Crockett v. R.J. Reynolds Tobacco, 436 F.3d 529 (5th Cir. 2006).

[6] Briddle v. Scott, 63 F.3d 364, 379 (5th Cir. 1995).

The Ayanbadejos contend that the district court incorrectly concluded that § 1252(a)(2)(B) divested it of the jurisdiction to hear their claims. We agree with the Ayanbadejos, at least in part. Our decision in Zhao v. Gonzales,[7] which provides a clear and consistent roadmap for interpreting §1252(a)(2)(B), is directly applicable to the instant case, and leads us to conclude that, although the district court did not have jurisdiction to review the determinations made with respect to John's I-485 application, the court did have jurisdiction to review the determinations made with respect to Felicia's I-130 petition.

First, the district court correctly held that, under § 1252(a)(2)(B), it did not have jurisdiction to review the decisions to deny John's I-485 application because these determinations were "in the discretion of" immigration officials acting under authority of the Attorney General. Section 1252(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ."[8] In Zhao, we interpreted this language to mean that courts are precluded from reviewing those decisions "specified in the statute" to be discretionary.[9] Section 1252(a)(2)(B)(i) explicitly places "any judgment regarding the granting of relief under . . . section 1255," which provides the statutory authority for I-485 applications, in this category of discretionary decisions that no courts have jurisdiction to review. The law makes clear that we and the district court lack jurisdiction over determinations

---

[7] 404 F.3d 295 (5th Cir. 2005).

[8] 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added).

[9] Zhao, 404 F.3d at 303 ( "One might mistakenly read § 1252(a)(2)(B)(ii) as stripping us of the authority to review any discretionary immigration decision. That reading, however, is incorrect, because § 1252(a)(2)(B)(ii) strips us only of jurisdiction to review discretionary authority that is specified in the statute.").

made with respect to an I-485 application for permanent resident status under § 1255.[10] The district court thus correctly held that it lacked jurisdiction to review the denial of John's I-485 application.[11]

Felicia's I-130 petition is a different story. Even though all judgments regarding relief under § 1255, including reviews of I-485 applications, are specifically categorized as discretionary and non-reviewable by § 1252(a)(2)(B)(i), I-130 petitions are authorized by § 1154 (a)(1)(A)(i), not § 1255, and are not mentioned in § 1252(a)(2)(B)(i). We have not explicitly determined whether district courts have jurisdiction to review the denial of I-130 petitions, but in Zhao we reasoned that Congress included the phrase "specified under this subchapter" in §1252(a)(2)(B)(ii) for the purpose of precisely identifying which discretionary decisions are beyond judicial review.[12] Zhao emphasizes that this language was meant to delineate definitively which types of decisions are discretionary, and thus non-reviewable, by a court.[13] The language of other federal regulations addressing I-130 petitions might lead one to infer that I-130

---

[10] Hadwani v. Gonzales, 445 F.3d 798, 800 (5th Cir. 2006) ("[W]e join a number of our sister circuits in holding that we lack jurisdiction over petitions for review concerning the discretionary denial of relief under 8 U.S.C. § 1255.").

[11] Under § 1252(a)(2)(D), "constitutional claims or questions of law" related to any claim for relief under § 1252(a)(2)(B) are exempted from the category of non-reviewable decisions left to the discretion of the Attorney General. Although the Ayanbadejos argue that the USCIS's basis for refusing to adjust John's status was a legal conclusion that a non-viable marriage precluded the change-in-status John requested, the USCIS's predicate determination of whether the Ayanbadejos had a bona fide marriage was a question of fact, not law, and therefore does not qualify for the § 1252(a)(2)(D) exception to the § 1252(a)(2)(B) jurisdiction stripping provision.

[12] Zhao, 404 F.3d at 303 ("The statutory language is uncharacteristically pellucid on this score; it does not allude generally to 'discretionary authority' or to 'discretionary authority exercised under this statute,' but specifically to 'authority for which is specified under this subchapter to be in the discretion of the Attorney General.'").

[13] Id.

determinations are discretionary, and thus non-reviewable,[14] but, following Zhoa, we decline to abdicate our jurisdiction based on any such extra-statutory authority.[15] Categorizing I-130 petition determinations as discretionary based on authority found in an implementing regulation would contradict the plain statutory language of §1252(a)(2)(B)(ii), which specifies that courts are only stripped of authority to review decisions designated as discretionary by the statute. Section 1252(a)(2)(B)(i) simply does not include I-130 petition determinations in the discretionary category that expressly includes determinations of I-485 applications. Following our clear precedent in Zhao, our inquiry need not go any further. Determinations regarding the validity of marriage for I-130 petition purposes are not discretionary within the meaning of §1252(a)(2)(B), and thus are subject to review by courts.[16] The district court incorrectly concluded that it did not have subject matter jurisdiction to review Felicia's I-130 petition.

---

[14] See 8 C.F.R. § 204.2(a)(1)(ii) (providing that to deny I-130 petition based on sham marriage, there must be "substantial and probative evidence" of immigrant's attempt or conspiracy to enter into marriage to evade immigration laws — arguably, a discretionary determination). Cf. 8 U.S.C. § 1154(b), which authorizes I-130 petitions ("After an investigation of the facts in each case . . . the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is an immediate relative specified in section 1151(b) . . . approve the petition . . . .") (emphasis added); 8 U.S.C. § 1154(c) ("[N]o petition shall be approved if . . . the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws.") (emphasis added). The use of the word "shall" in these sections indicates that the approval or disapproval of the petition may not be discretionary.

[15] Zhoa, 404 F.3d 303 ("In ruling on Zhao's motion, however, the BIA exercised no such statutorily delineated discretion; that discretion instead derived from regulations promulgated by the Attorney General.").

[16] Cf. Yerkovich v. Ashcroft, 381 F.3d 990, 994 (10th Cir. 2004) (stating that "the jurisdictional bar in § 1252(a)(2)(B)(ii) applies only to acts over which a statute gives the Attorney General pure discretion unguided by legal standards or statutory guidelines") (internal quotations omitted); Onyinkwa v. Ashcroft, 376 F.3d 797, 799-800 (8th Cir. 2004); Ginters v. Cangemi, 419 F. Supp.2d 1124, 1130 (district court determined that, pursuant to § 1252(a)(2)(B)(ii), it lacked jurisdiction to review denial of I-130 petition because determination whether petitioner had entered into sham marriage was discretionary decision).

## B. FOIA, ICCPR Claims

The district court did not err in denying the Ayanbadejos' motion to amend their complaint to add their FOIA and ICCPR claims. "A party may amend its pleading once as a matter of course" at any time before a responsive pleading is served and, thereafter, only by leave of the court or written consent of the adverse party.[17] Courts are instructed to grant leave to amend freely "when justice so requires."[18] Although the Ayanbadejos argue that the district court erred in dismissing their FOIA claim as moot, the USCIS did produce the Ayanbadejos' immigration record to their counsel pursuant to their FOIA request, making this claim moot. The district court did not abuse its discretion in denying the Ayanbadejos' motion to amend their complaint to add their FOIA claim.[19]

The Ayanbadejos also assert that the acts of the USCIS and BIA are continuous violations of the ICCPR, but the Supreme Court has explicitly held that this treaty does not create obligations enforceable in federal courts.[20] The district court did not abuse its discretion in denying the Ayanbadejos' motion to amend their complaint to add a claim under the ICCPR.[21]

## C. New Trial Motion

The Ayanbadejos contend that the district court erred in denying their motion for a new trial.[22] Specifically, they assert that, because the USCIS did

---

[17] FED. R. CIV. P. 15(a).

[18] Id.

[19] See Avatar Exploration, Inc. v. Chevron, 933 F.2d 314, 321 (5th Cir. 1991) (district court may properly deny motion to amend when amendment would be futile, would cause undue delay, or is in bad faith).

[20] Sosa v. Alvarez-Machain, 542 U.S. 692, 735 (2004).

[21] See Avatar, 933 F.2d at 321.

[22] See FED. R. CIV. P. 59(e).

not transmit their brief containing new evidence to the BIA, their due process rights were violated. The record does not support this claim. On April 18, 2005, the DHS filed a motion with the BIA to dismiss the appeal because the Ayanbadejos new brief was filed with the wrong administrative case number and the DHS did not have a copy of the brief. This motion was served on the Ayanbadejos' counsel on the same day that it was filed, so the Ayanbadejos should have known there was a problem with their brief at that time. They could have resolved the problem prior to the BIA's affirmance of the decision of the USCIS on June 16, 2005. The record also reflects that the Ayanbadejos' immigration records were made available to them on August 29, 2006, almost a month before the district court granted the motion to dismiss on September 21, 2006. The Ayanbadejos therefore had access to their records prior to the district court's ruling and could have raised this claim prior to the court's dismissal of their complaint.

## IV. Conclusion

We hold that determinations pertaining to I-130 petitions are not precluded from review by courts pursuant to § 1252(a)(2)(B)(ii). The district court did not err in denying the Ayanbadejos' motion to amend their complaint to include their FOIA and ICCPR claims or in denying the Ayanbadejos' motion for a new trial. Although the district court correctly held that the denials of John's I-485 application by the USCIS and BIA were non-reviewable, the court's holding that it did not have subject mater jurisdiction to review Felicia's I-130 petition conflicts with the plain meaning of §1252(a)(2)(B)(ii) and our decision in Zhao. The judgment of the district court is therefore REVERSED to the extent that it dismissed Felicia's I-130 petition for lack of jurisdiction and this case is REMANDED to the district court for further proceedings consistent with this opinion.