# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-60019
Summary Calendar

ASAD MUSHTAQ

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A43 968 082

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Asad Mushtaq, a native and citizen of Pakistan, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) denial of his application for a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(k). He argues that the BIA erred in holding that his father's knowledge of Mushtaq's inadmissibility at the time that Mushtaq entered the United States as a minor is imputed to Mushtaq, thereby disqualifying him from relief under § 1182(k). He also argues that the IJ erred

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in denying relief under § 1182(k) as a matter of discretion. In dismissing Mushtaq's appeal, the BIA found only that the imputation of Mushtaq's father's knowledge to Mushtaq was proper for purposes of § 1182(k), and it did not address the IJ's alternative, discretion-based denial.

Because this court generally reviews only the BIA's decision, the issue whether the IJ erred in denying relief as a matter of discretion is not properly before us. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). However, even if Mushtaq were to show that the BIA erred in imputing his father's knowledge to him, remand to the BIA for a determination of the propriety of the IJ's discretion-based denial would be necessary before this case could be decided. See Nakimbugwe v. Gonzales, 475 F.3d 281, 284-85 (5th Cir. 2007). Further, the Government is correct that if the BIA were to affirm the IJ's discretion-based denial, this court would lack jurisdiction to review that denial pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii). See Ayanbando v. Chertoff, 517 F.3d 273, 276-77 (5th Cir. 2008) (holding that this court lacks jurisdiction to review denials when the applicable statute specifies, as does § 1182(k), that relief is discretionary). Accordingly, before this court reaches the complex question whether Mushtaq's father's knowledge was properly imputed to Mushtaq, judicial economy dictates that we REMAND this case to the BIA for the limited purpose of determining whether the IJ erred in denying relief under § 1182(k) as a matter of discretion.

REMANDED