**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-60003
Summary Calendar

JANET BOSE RICHARDSON,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 130 691

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

The petitioner, Janet Bose Richardson, a native and citizen of Nigeria, has filed a petition for review of the Board of Immigration Appeals (BIA) order of December 11, 2007, in which it determined that Richardson was ineligible for adjustment of status under Immigration and Nationality Act (INA) § 245, 8 U.S.C. § 1255, and ordered her removed to Nigeria. On April 21, 2008, the BIA denied Richardson's Motion to Reopen. On October 15, 2008, the BIA, upon limited remand from this court, clarified its December 11, 2007, decision.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Richardson argues that the BIA erred by determining that she was ineligible for adjustment of status, the term "approvable when filed" as set forth in 8 C.F.R. § 1245.10(i) is *ultra vires*, the BIA lacked jurisdiction to order her removed, and the BIA applied an incorrect standard of review.

The Respondent relies upon *Stone v. INS*, 514 U.S. 386, 405 (1995), and argues that none of the three BIA orders are properly before this court. The Respondent argues that Richardson filed a petition for review regarding only the December 11, 2007, decision, which was remanded by this court, and Richardson did not file a petition for review of any subsequent BIA decision.

A timely petition for review is a jurisdictional requirement, and the lack thereof deprives this court of jurisdiction to review a BIA decision. 8 U.S.C. § 1252(a)(1), (b)(1); *Karimian-Kaklaki v. INS*, 997 F.2d 108, 111 (5th Cir. 1993). In *Stone*, 514 U.S. at 394-95, 405-06, the Supreme Court held that the BIA's denial of an appeal and its denial of a motion to reconsider are two separate final orders, each of which requires its own petition for review.

Richardson's sole petition for review was filed with this court on January 4, 2008. The petition for review is timely only with respect to the BIA's December 11, 2007, decision. *See* § 1252(b)(1). As Richardson did not file a petition for review of the BIA's April 21, 2008, denial of her motion to reopen, pursuant to *Stone*, this court does not have jurisdiction to review any challenge to the April 21, 2008, denial of Richardson's motion to reopen. *See Stone*, 514 U.S. at 394-95, 405-06. Nonetheless, this court has authority to order a limited remand, while retaining jurisdiction, to obtain clarification regarding the decision on review. *See Wheeler v. City of Columbus, Miss.*, 686 F.2d 1144, 1154 (5th Cir. 1982). This court's limited remand thus did not result in the relinquishment of jurisdiction by this court over Richardson's petition for review of the BIA's December 11, 2007, decision. *See id.*

However, this court does not have jurisdiction to review the BIA's decision to deny Richardson's I-485 application to adjust status. *See* § 1252(a)(2)(B)(i);

*Ayanbadejo v. Chertoff*, 517 F.3d 273, 275, 276-78 & 277 n.11 (5th Cir. 2008); *Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006). Although this court is not precluded from reviewing "constitutional claims" or "questions of law," *see* § 1252(a)(2)(D), Richardson's factual challenge to the BIA's determination that there was no evidence presented to show that the marriage at issue was *bona fide* at its inception is neither a constitutional claim nor a question of law. *See Ayanbadejo*, 517 F.3d at 277 n.11. This court therefore lacks jurisdiction to consider this argument. *See* § 1252(a)(2)(B)(i), (D).

Also, in the BIA proceedings that resulted in the BIA's December 11, 2007, decision, Richardson did not present her argument that the term "'approvable when filed'" as set forth in § 1245.10(i), is *ultra vires*. While Richardson raised the ultra vires argument in her motion to reopen, this court lacks jurisdiction over the BIA's denial of Richardson's motion to reopen because Richardson did not seek review of this decision. *See Stone*, 514 U.S. at 394-95, 405-06. As Richardson did not raise the *ultra vires* issue in the proceeding that led to the December 11, 2007, decision, and she did not file a petition for review of the BIA's denial of her motion to reopen in which she did raise the issue, this court lacks jurisdiction over this argument. *See id.; Omari v. Holder,* 562 F.3d 314, 318-25 (5th Cir. 2009).

Similarly, this court lacks jurisdiction over Richardson's argument that the BIA lacked jurisdiction to issue a removal order, as Richardson presented this issue for the first time to the BIA in her motion to reopen, and she did not file a petition for review of the BIA's denial of her motion to reopen. *See Stone*, 514 U.S. at 394-95, 405-06; *Omari,* 562 F.3d at 318-25. Finally, Richardson did not argue to the BIA that it applied the wrong standard of review and erroneously engaged in fact finding when it issued its December 11, 2007, order. Richardson therefore did not properly exhaust this issue, and this court lacks jurisdiction to consider it. *See Omari,* 562 F.3d at 318-25.

The petition for review is DISMISSED.