OWEN, Circuit Judge,
concurring:
I agree that the Board of Immigration Appeals (BIA) failed to apply the “clearly erroneous” standard set forth in 8 C.F.R. § 1003.1(d)(3)(i). I accordingly concur in much of the panel’s opinion.
I do not, however, join in the conclusion expressed in footnote one of that opinion *236 that “it appears that the evidence would establish eligibility for a hardship waiver.” Whether a marriage was in good faith is generally a question of fact that is to be resolved not by this court but by the administrative process.[1] It is possible that on remand, the BIA may apply the correct standard of review and either reach the same conclusion that it has thus far reached or properly remand to the IJ for further proceedings.[2] Because it is not within the province of this court to preordain the BIA’s conclusion on remand, I do not join in the panel majority’s statements that “[cjorrect application of the clear error standard could not have led to the BIA’s conclusion that the evidence was legally insufficient to establish a good faith marriage,” and “[i]t is clear that the BIA did not accept most of the findings of fact; otherwise, it could not have reached the conclusion that it did.” There is at least some evidence that the marriage at issue was not in good faith. While the weight of the evidence in the present record may lead to an opposite conclusion, this court does not have jurisdiction to make essentially a factual determination that the marriage was "in good faith. I therefore concur in the judgment only.

. See Ayanbadejo v. Chertoff, 517 F.3d 273, 277 n. 11 (5th Cir.2008) ("Although the Ayanbadejos argue that the USCIS’s basis for refusing to adjust John's status was a legal conclusion that a non-viable marriage precluded the change-in-status John requested, the USCIS's predicate determination of whether the Ayanbadejos had a bona fide marriage was a question of fact, not law, and therefore does not qualify for the § 1252(a)(2)(D) exception to the § 1252(a)(2)(B) jurisdiction stripping provision.”).

. See Ramirez-Peyro v. Gonzales, 477 F.3d 637, 641 (8lh Cir.2007) ("Although we conclude that the Board did not appear to apply the proper standard of review and engaged in its own factfinding, we nevertheless decline Ramirez's invitation to engage in our own analysis of the facts and their implication for his claim .... The Board should be given the opportunity to discharge its statutory duty to review the IJ’s findings for clear error and remand to the IJ for further proceedings if appropriate.”).