**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 24, 2012

No. 12-60367

Lyle W. Cayce
Clerk

RITA ZAMORA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before SMITH, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The Respondent urges this Court to dismiss the petition for review filed by Ms. Rita Zamora for lack of subject-matter jurisdiction because Zamora seeks review of the U.S. Citizenship and Immigration Service's denial of her I-130 visa petition. We agree that we lack jurisdiction to hear this case as a petition for review taken directly from the Board of Immigration Appeals. *Cf.* 8 U.S.C. § 1252. However, we have held that federal courts do have subject-matter

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60367

jurisdiction "to review the determinations made with respect to [a petitioner's] I–130 petition."  *Ayanbadejo v. Chertoff*, 517 F.3d 273, 276 (5th Cir. 2008). There, we held that "determinations pertaining to I–130 petitions are not precluded from review by courts pursuant to § 1252(a)(2)(B)(ii)" because they are not discretionary.  *Id.* at 279.

However, this case must first be heard in the district court.  *See id.* at 276 (noting a district court has jurisdiction to review I-130 visa petition determinations).  Because the denial of an I-130 visa petition is not a final removal order, our jurisdiction is properly invoked on appeal from the district court, not via a petition for review from the Board of Immigration Appeals.  *See* 28 U.S.C. § 1291; 8 U.S.C. § 1252(a); 5 U.S.C. § 702 (judicial review of agency action); *accord Ruiz v. Mukasey*, 552 F.3d 269, 274-75 & n.2 (2d Cir. 2009) (following *Ayanbadejo* and observing that "the denial of an I-130 petition by the BIA constitutes final agency action subject to judicial review as the agency has completed its decisionmaking process and the result of that process will directly affect the parties") (internal citation, quotation marks, and alterations omitted).

Because we lack original jurisdiction over this matter but a district court would have jurisdiction under *Ayanbadejo*, we transfer this to the appropriate district court because we find it is in "the interest of justice."  28 U.S.C. § 1631;[1]

---

[1]  Section 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Section 610 defines those courts to include federal courts of appeals and district courts.  *Id.* § 610.

No. 12-60367

*see Ruiz*, 552 F.3d at 276-77 (transferring case).  As the record reflects that Zamora is a resident of Houston, Texas, the most appropriate district court is the United States District Court for the Southern District of Texas.  *See* 28 U.S.C. § 1391(e).

For the foregoing reasons, the Respondent's motion to dismiss is DENIED and the case is TRANSFERRED pursuant to 28 U.S.C. § 1631 to the United States District Court for the Southern District of Texas.