# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2014

Lyle W. Cayce
Clerk

No. 13-60192
Summary Calendar

FREDY CORZO-RODRIGUEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A075 276 611

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Petitioner, a native and citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals ("BIA") addressing three distinct matters. First, the BIA dismissed Petitioner's appeal of an order by an Immigration Judge ("IJ") denying Petitioner's application for adjustment of immigration status. As explained in its decision, the BIA rejected Petitioner's contention that he is eligible for adjustment to permanent resident status as a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60192

"grandfathered alien" under 8 U.S.C. §1255(i)(1)(B)(i).[1]   Second, the BIA upheld the IJ's denial of Petitioner's motion to terminate removal proceedings after rejecting Petitioner's contention that he had already been granted permanent resident status by the United States Citizenship and Immigration Services ("USCIS").   Finally, the BIA denied Petitioner's motion to remand proceedings to the IJ based on the insufficiency of Petitioner's new evidence of eligibility for adjustment of immigration status.[2]   For the reasons set forth below, we affirm the BIA's decision.

## I.

Giving "considerable deference to the BIA's interpretation of the legislative scheme it is entrusted to administer," we generally review an immigration court's legal conclusions *de novo* and factual findings for substantial evidence.[3]   However, under a "jurisdiction stripping provision" codified at 8 U.S.C. § 1252(a)(2)(B), no court may review certain discretionary decisions reached by immigration officials or the findings of fact made in support of those discretionary decisions.[4]   In particular, this rule applies to the BIA's discretionary decisions regarding adjustment of immigration status under 8 U.S.C. § 1255 and cancellation of removal under 8 U.S.C. § 1229b.[5]   At

---

[1] *See Bolvito v. Mukasey*, 527 F.3d 428, 436 (5th Cir. 2008) *(*"A 'grandfathered alien' is defined as 'an alien who is the beneficiary . . . of a petition for classification under section 204 of the Act which was properly filed with the Attorney General on or before April 30, 2001, and which was approvable when filed.'" (quoting 8 C.F.R. § 245.10(a)(1)(i))).

[2] Although the motion was styled as a motion to reopen proceedings, the BIA construed the motion to be a motion to remand under 8 C.F.R. § 1003.2(c)(4) because Petitioner's original appeal was still pending.

[3] *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007); *see also Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

[4] *See Ayanbadejo v. Chertoff*, 517 F.3d 273, 276-77 n.9 & n.11 (5th Cir. 2008) (analyzing *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005), and concluding that a "predicate determination" that addresses "a question of fact . . . does not qualify for the § 1252(a)(2)(D) exception to the § 1252(a)(2)(B) jurisdiction stripping provision").

[5] *See Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007); *Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006).

No. 13-60192

the same time, under an exception to the jurisdiction stripping provision codified at 8 U.S.C. § 1252(a)(2)(D), the circuit courts retain authority to consider *de novo* any "constitutional claims or questions of law" raised in a petition for review of the BIA's discretionary decisions.[6]

## II.

An alien who entered the United States without inspection may seek adjustment of immigration status under 8 U.S.C. § 1255(i) if he is a "grandfathered alien" or, in other words, the beneficiary of a visa petition filed before April 30, 2001.[7] For an alien to avail himself of this provision, however, 8 C.F.R. § 245.10(a)(1)(i) requires that the visa petition must have been "approvable when filed."[8] Where the visa petition is based on the relationship of marriage, the BIA has previously held that the alien must show that the marriage was bona fide at its inception.[9] This interpretation of the governing statute and applicable regulation has been upheld by several circuit courts.[10]

Petitioner argues that he is a grandfathered alien because his alleged former spouse, Noelia Martinez ("Martinez"), filed a Petition for Alien Relative on Petitioner's behalf in 1996. However, the BIA held that Martinez's petition, which was deemed abandoned in 2003,[11] does not support adjustment of Petitioner's present immigration status because Martinez's petition was not approvable when filed. In the BIA's view, the items of evidence submitted—both in connection with Martinez's original petition and during the different

---

[6] *See Ayanbadejo*, 517 F.3d at 276-77 n.9 & n.11; *Sung*, 505 F.3d at 377.

[7] *See* 8 U.S.C. § 1255(i)(1)(B)(i) and § 1154(a)(1)(A)(i); *Bolvito*, 527 F.3d at 436.

[8] *Bolvito*, 527 F.3d at 436.

[9] *In re Riero*, 24 I. & N. Dec. 267, 268-69 (BIA 2007).

[10] *Linares Huarcaya v. Mukasey*, 550 F.3d 224, 228-30 (2d Cir. 2008) (per curiam); *Echevarria v. Keisler*, 505 F.3d 16, 19-20 (1st Cir. 2007); *see also Xue Rong Zheng v. Holder*, 315 F. App'x 570, 575 (6th Cir. 2009).

[11] As the BIA explained, Martinez failed to respond to a request for evidence issued by the USCIS in 2001. Martinez's petition on Petitioner's behalf was therefore deemed abandoned in 2003.

No. 13-60192

stages of Petitioner's present removal proceedings—have collectively failed to establish the existence of a marriage that was bona fide at its inception. As we held in *Ayanbadejo v. Chertoff*, 517 F.3d 273, 277 n.11 (5th Cir. 2008), the "determination of whether the [alien] had a bona fide marriage [i]s a question of fact, not law." Accordingly, to the extent that Petitioner presently challenges the BIA's determination that he failed to demonstrate a bona fide marriage, we lack jurisdiction to consider Petitioner's challenge under the jurisdiction stripping provision codified at 8 U.S.C. § 1252(a)(2)(B)(i).

In this context, Petitioner also raises one argument that involves a question of law over which our jurisdiction is preserved by 8 U.S.C. § 1252(a)(2)(D). According to Petitioner, an internal memorandum issued in 1997 by the Acting Executive Associate Commissioner of the Immigration and Naturalization Service suggested that "the mere filing of a visa petition could protect a beneficiary's eligibility to file for adjustment of status pursuant to [8 U.S.C. § 1255(i)]."

As the BIA correctly observed, however, Petitioner's reliance on this internal memorandum is misplaced. This internal memorandum only notified immigration officials of the possibility that Congress might subsequently "provide a grandfather clause for . . . alien beneficiaries" in the future, and instructed immigration officials regarding the procedures to follow in anticipation of such a provision's enactment. But the memorandum did not purport to interpret the language of that statutory provision, which did not yet exist. Nor did the memorandum, which was issued long before the current version of 8 C.F.R. § 245.10(a)(1)(i), purport in any way to disavow that regulation's "approvable when filed" requirement or the BIA's interpretation that a predicate marriage must have been bona fide at its inception.

In any event, because the BIA's interpretation of the current version of 8 C.F.R. § 245.10(a)(1)(i) is certainly not a "plainly erroneous" interpretation

4

No. 13-60192

of that administrative regulation, the BIA's interpretation is entitled to our deference under *Auer v. Robbins*, 519 U.S. 452, 461 (1997).[12]   Giving the requisite "deference to the BIA's interpretation of the legislative scheme it is entrusted to administer,"[13]   we therefore deny review of the BIA's decision regarding Petitioner's application for adjustment of immigration status.

### III.

Petitioner also argues that the BIA erred in upholding the IJ's denial of his motion to terminate removal proceedings under 8 U.S.C. § 1229b because he had already been granted permanent resident status.   As evidence, Petitioner cites an undated and partially completed I-94 notice, which Petitioner obtained from the records of the USCIS pursuant to a request under the Freedom of Information Act.  The BIA concluded, however, that the USCIS never issued this I-94 notice.   According to the BIA, this document was partially completed in the course of considering Martinez's 1996 petition for a visa on Petitioner's behalf.  After reviewing other USCIS documentation dated 2003 and 2006, the BIA concluded that Martinez's 1996 petition had ultimately been deemed abandoned.  The BIA therefore upheld the IJ's decision to deny the motion to terminate removal proceedings.

Like the BIA's decisions regarding immigration status adjustment under 8 U.S.C. § 1255, the cancellation of removal under 8 U.S.C. § 1229b is also a discretionary decision that is explicitly subject to the jurisdiction stripping provision codified at 8 U.S.C. § 1252(a)(2)(B)(i).[14]   The BIA's conclusion that

---

[12] *See Belt v. EmCare, Inc.*, 444 F.3d 403, 408 (5th Cir. 2006); *see also Linares Huarcaya*, 550 F.3d at 229-30 (finding that *Auer* deference applies to the BIA's interpretation of "immigration regulations").

[13] *Zhu*, 493 F.3d at 594.

[14] *Bravo v. Ashcroft*, 341 F.3d 590, 592 (5th Cir. 2003) (concluding that on "direct review, the plain language of § 1252(a)(2)(B) would divest us of jurisdiction to review the IJ's denial of § 1229b(b)(1) cancellation").

No. 13-60192

the USCIS never issued the partially completed I-94 notice is a finding of fact, over which we lack jurisdiction.

Additionally, to the extent that the BIA's decision in the present case relied on a conclusion of law regarding the legal effect of an unissued I-94 notice, we uphold the BIA's decision on *de novo* review under 8 U.S.C. § 1252(a)(2)(D).    Petitioner identifies no legal authority that would render Petitioner "an alien lawfully admitted for permanent residence" under 8 U.S.C. § 1229b based on the existence of an I-94 notice that was never issued.  We therefore deny review of the BIA's decision regarding the termination of removal proceedings.

IV.

Finally, in his arguments regarding the bona fides of his marriage to Martinez, Petitioner refers to items of evidence that were submitted to the BIA in his motion to reopen.  Construing this submission as a motion to remand under 8 C.F.R. § 1003.2(c)(4), the BIA denied Petitioner's motion after finding that the evidence he had submitted was insufficient to warrant a remand.  In the present appeal, however, Petitioner has briefed no argument regarding the correctness of the BIA's ruling on this motion.  We therefore conclude that Petitioner has abandoned this issue.[15]

V.

For the reasons set forth above, we consider that none of Petitioner's arguments in this appeal have merit.  We therefore DENY Petitioner's petition for review of the BIA's decision.

DENIED.

---

[15] *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).