# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60781
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2014

Lyle W. Cayce
Clerk

JONAS MALM,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 032 108

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jonas Malm, a native and citizen of Ghana, entered the United States in February 2001 on a nonimmigrant visitor's visa but remained in the United States after his visa expired. He now petitions this court for review of an order of the Board of Immigration Appeals (BIA) upholding the decision of the immigration judge (IJ) denying his request for cancellation of removal. We review the BIA's order and will consider the underlying decision of the IJ to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the extent that it influenced the BIA's determination. *Sharma v. Holder*, 729 F.3d 407, 411 (5th Cir. 2013).

The primary thrust of Malm's petition is that the BIA erred in determining that he was ineligible for cancellation of removal based on his prior conviction for assault causing bodily injury, which the BIA determined to be a crime involving moral turpitude. Though we generally lack jurisdiction to review the decision to deny discretionary relief, including cancellation of removal, *see* 8 U.S.C. §§ 1252(a)(2)(B)(i), 1129b, we nonetheless retain the authority to review "questions of law," § 1252(a)(2)(D), including whether the BIA properly determined that an alien committed a crime involving moral turpitude. *See Hyder v. Keisler*, 506 F.3d 388, 390 (5th Cir. 2007).

The Attorney General has the authority to cancel the removal of a deportable nonresident alien if the alien meets certain conditions. *See* § 1229b(b)(1). However, an alien who has been convicted of a crime involving moral turpitude is ineligible for this relief. § 1229b(b)(1)(C); 8 U.S.C. Malm was convicted of violating Texas Penal Code § 22.01(a)(1), which prohibits "intentionally, knowingly, or recklessly caus[ing] bodily injury to another." We previously have upheld the BIA's determination that an alien's conviction under this statute qualifies as a crime involving moral turpitude. *Esparza-Rodriguez v. Holder,* 699 F.3d 821, 823-24 (5th Cir. 2012). Accordingly, the BIA did not err in determining that Malm was ineligible for cancellation of removal.

Malm also challenges the BIA's decision that he was not entitled to a continuance to pursue his I-360 petition. Because he committed a crime involving moral turpitude as defined in § 1182(a)(2) and thus is removable on this basis and because he fails to raise any legal or constitutional questions regarding the denial of the continuance, we lack jurisdiction to consider this

issue.  *See* § 1252(a)(2)(C) & (D); *Ogunfuye v. Holder*, 610 F.3d 303, 307 (5th Cir. 2010); *Rodriguez-Castro v. Gonzales*, 427 F.3d 316, 318-19 & n.1 (5th Cir. 2005).

Contending that he was denied a fair hearing, Malm goes on to assert that the IJ questioned Malm's wife outside of his presence, then ordered her to leave and accused him of marrying her so that he could remain in the United States.  He also faults the IJ for declining to receive into evidence certain documents and accuses the IJ of partiality.  Malm, though, points to no evidence in the record regarding any improper behavior by the IJ or any evidence that the IJ had a personal interest in the outcome of the proceedings.  Moreover, given the denials of administrative relief and the IJ's correct determination that Malm had committed a crime involving moral turpitude and thus was ineligible for cancellation of removal, he has not shown how he was substantially prejudiced.  *See Anwar v. I.N.S.*, 116 F.3d 140, 144 (5th Cir. 1997).

Next, Malm challenges the denial of his wife's I-130 applications through which she sought to adjust his status based on the couple's marriage, asserting that the Department of Homeland Security incorrectly determined that the marriage was not bona fide and was entered into to evade immigration laws.  We do not have jurisdiction to consider this issue on a petition for review of a final order of removal from the BIA, and instead Malm must first pursue relief in the district court.  *See* § 1252(a); 28 U.S.C. § 1291; 5 U.S.C. § 702 (judicial review of agency action); *Ayanbadejo v. Chertoff,* 517 F.3d 273, 277-78 (5th Cir. 2008).

Finally, Malm attacks the IJ's repeated refusal to grant him bond and requests a bond hearing, but we lack jurisdiction to review the denial of bond.  8 U.S.C. § 1226(e).

No. 13-60781

Accordingly, Malm's petition for review is DENIED in part and DISMISSED for lack of jurisdiction in part. His motion for appointment of counsel is also DENIED.