# IN THE UNITED SATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60616
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 7, 2014

Lyle W. Cayce
Clerk

ELIAS SALINAS AGUIRRE,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 300 686

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Petitioner Elias Salinas Aguirre, a native and citizen of Mexico, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) order of removal and denial of discretionary relief in the form of cancellation of removal under 8 U.S.C. § 1229b. Aguirre claims that the BIA misapplied the standard for evaluating, under § 1229b(b)(1)(D), whether his United States citizen children would be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subject to "exceptional and extremely unusual hardship" if he is deported to Mexico. He contends that the BIA failed to consider and give weight to all of the testimony and evidence he provided in support of his request for cancellation of removal.

Our jurisdiction over immigration proceedings is governed by 8 U.S.C. § 1252. Section 1252(a)(2)(B)(i) strips us of jurisdiction to review an immigration court's discretionary decision to deny cancellation of removal under § 1229b or the findings of fact made in support of that decision. *Sung v. Keisler*, 505 F.3d 372, 377 (5th Cir. 2007). We have jurisdiction under § 1252(a)(2)(D), however, to consider de novo any "constitutional claims or questions of law" raised in a petition for review of such a decision. *Ayanbadejo v. Chertoff*, 517 F.3d 273, 276-77 & nn.9 & 11 (5th Cir. 2008).

Aguirre has not raised any claim of constitutional or legal error in connection with the BIA's denial of his request for cancellation of removal. Aguirre's claim that the BIA misapplied the standard for determining whether his children would face "exceptional and extremely unusual hardship" if he is deported to Mexico is, in essence, an argument that the BIA, in exercising its discretion to deny cancellation of removal, failed to give the appropriate weight to the evidence and testimony presented in support of his request. Section § 1252(a)(2)(B)(i) prohibits us from reviewing that decision or the factual findings on which that decision was based. *See Sattani v. Holder,* 749 F.3d 368, 372 (5th Cir. 2014); *Rueda v. Ashcroft,* 380 F.3d 831, 831 (5th Cir. 2004). Aguirre's attempt to cloak his challenge to the BIA's non-reviewable, discretionary decision in legal terms does not create jurisdiction when it is otherwise lacking. *See Sung*, 505 F.3d at 377.

Accordingly, Aguirre's petition for review is DISMISSED for lack of jurisdiction.