# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20061
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2014

Lyle W. Cayce
Clerk

JOHN AYANBADEJO,

> Plaintiff – Appellant,

v.

JEH CHARLES JOHNSON, SECRETARY, DEPARTMENT OF
HOMELAND SECURITY; EVELYN UPCHURCH, Director Texas Service
Center; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES;
SHARON A. HUDSON, United States Citizenship and Immigration Services
District Director,

> Defendants – Appellees.

Appeal from the United States District Court for the
Southern District of Texas
U.S.D.C. No. 4:06-CV-1177

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit
Judges.

PER CURIAM:*

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-20061

Plaintiff-Appellant John Ayanbadejo ("Ayanbadejo") appeals the district court's denial of his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

I.

Ayanbadejo originally filed suit on April 10, 2006, seeking declaratory relief from an adverse decision on an immigrant visa petition ("I-130 petition"). Defendants-Appellees filed a motion to dismiss for lack of subject matter jurisdiction. The district court granted the motion and entered judgment in Defendants-Appellees' favor. Ayanbadejo moved for a new trial, which the district court denied. Ayanbadejo filed a timely appeal.

This court reversed the decision of the district court in part, concluding that the district court had subject matter jurisdiction over the denial of the I-130 petition and remanded for further proceedings consistent with the opinion. *Ayanbadejo v. Chertoff*, 517 F.3d 273, 279 (5th Cir. 2008) (per curiam). After remand, Defendants-Appellees filed a motion for summary judgment on Ayanbadejo's I-130 petition claim. The district court granted the motion and entered judgment in Defendants-Appellees' favor. Ayanbadejo filed an untimely appeal, which this court dismissed.

Almost four years after the district court entered final judgment, Ayanbadejo filed the motion for relief from judgment presently at issue. The district court denied the motion, finding that it was untimely and meritless. Ayanbadejo timely appealed.

II.

"The district court's denial of [Ayanbadejo's] Rule 60(b) motion constitutes a final, appealable order under 28 U.S.C. § 1291." *Wilson v. Thompson*, 638 F.2d 801, 803 (5th Cir. Unit B Mar. 1981); *see also Cadle Co. v. Neubauer*, 562 F.3d 369, 371 (5th Cir. 2009) (concluding that the district court's denial of appellant's Rule 60(b) motion was a final order over which the court

2

No. 14-20061

had jurisdiction); 15B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedur*e § 3916 ("The general rule that appeal can be taken from final denial of a motion to vacate a judgment is well settled."). We review the district court's denial of a Rule 60(b) motion for abuse of discretion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 353 (5th Cir. 1993).

### III.

The district court denied Ayanbadejo's Rule 60(b) motion—filed almost four years after the entry of final judgment—as untimely. Further, the district court found that Ayanbadejo's argument that the district court's judgment was void under Rule 60(b)(4) was without merit. Specifically, the district court reasoned that there was no deprivation of his due process rights resulting from his attorney's failure to timely appeal *after* the district court entered judgment. Moreover, the unfavorable entry of summary judgment did not deprive him of his constitutional right to a jury trial. On appeal, Ayanbadejo asserts the same arguments determined by the district court to be meritless.[1]

After considering the parties' arguments as briefed on appeal, and after reviewing the record, the applicable law, and the district court's orders and reasoning, we AFFIRM the district court's orders and adopt its analysis in full.

---

[1] For the same reasons, the district court denied Ayanbadejo's motion for leave to file excess pages and his verified motion for reconsideration of the district court's denial of his motion for relief from judgment. Ayanbadejo challenges these orders on appeal.