# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 11, 2015

Lyle W. Cayce
Clerk

No. 14-10493

———————

BHUPENDRA PATEL; TRISHNA PATEL; TILAK PATEL; KALAVATI
PATEL,

> Plaintiffs - Appellants

v.

JEH CHARLES JOHNSON, SECRETARY, DEPARTMENT OF
HOMELAND SECURITY; GREGORY RICHARDSON, Director, Texas
Service Center, U.S. Citizenship and Immigration Services; GREGORY
COLLETT, District Director, United States Citizenship and Immigration
Services, Baltimore, Maryland; ALEJANDRO MAYORKAS, Director, U.S.
Citizenship and Immigration Services; ERIC H. HOLDER, JR., U. S.
ATTORNEY GENERAL,

> Defendants - Appellees

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-0400-N

———————

Before REAVLEY, JONES, and ELROD, Circuit Judges.

PER CURIAM:*

This lawsuit complains of the United States Citizenship and
Immigration Services' ("the agency") decisions on immigration matters. The

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-10493

district court concluded it lacked jurisdiction to review the agency's reinstatement of a prior order of removal. We agree and AFFIRM.

## I.

Plaintiffs' contention that the agency's reinstatement was ineffective is not reviewable by the district court. Fifth Circuit precedent holds that a petition for review before a court of appeals is the "sole and exclusive means for judicial review of an order of removal." *Iracheta v. Holder,* 730 F.3d 419, 422 (5th Cir. 2013). The *Iracheta* court likewise reiterates that such "statutory jurisdiction over 'final orders of removal' extends to reinstatement orders." *Id.* (citing *Ojeda–Terrazas v. Ashcroft,* 290 F.3d 292, 295 (5th Cir. 2002). Thus, the district court correctly determined that it lacked jurisdiction to review the matter.

Additionally, judicial review of I-485 adjustment of status applications is statutorily prohibited. *See Ayanbadejo v. Chertoff*, 517 F.3d 273, 276-77 (5th Cir. 2008). The *Ayanbadejo* court interpreting 8 U.S.C. 1252(a)(2)(B), stated:

> [C]ourts are precluded from reviewing those decisions "*specified in the statute*" to be discretionary. Section 1252(a)(2)(B)(i) explicitly places "any judgment regarding the granting of relief under . . . section 1255," which provides the statutory authority for I-485 applications, in this category of discretionary decisions that no courts have jurisdiction to review. The law makes clear that we and the district court lack jurisdiction over determinations made with respect to an I-485 application for permanent resident status under § 1255. *Id.* (footnotes omitted).

AFFIRMED.