# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2020

Lyle W. Cayce
Clerk

No. 19-30646

Josue Benavides Nolasco,

*Plaintiff—Appellant*,

*versus*

Stanley Crockett, *Field Office Director*, New Orleans Field Office, U.S. Citizenship and Immigration Services; U.S. Citizenship and Immigration Services,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-7101

ON PETITION FOR PANEL REHEARING

Before Jolly, Jones, and Engelhardt, *Circuit Judges*.

E. Grady Jolly, *Circuit Judge*:

The petition for panel rehearing is hereby GRANTED.

Since the prior opinion issued, the Supreme Court decided *Nasrallah v. Barr*, 140 S. Ct. 1683 (2020), which clarified the meaning of the statutory term "final order of removal." Without expressing an opinion as to whether *Nasrallah* may have partially abrogated portions of *Cardoso v. Reno*, 216 F.3d

512 (5th Cir. 2000), the opinion we earlier relied on, we have chosen not to base our decision on *Cardoso*. Just last year, in *Melendez v. McAleenan*, 928 F.3d 425 (5th Cir.), *cert. denied*, 140 S. Ct. 561 (2019), this court decided a case both factually and procedurally reflective of the case at bar. We find *Melendez* the guiding precedent to decide this appeal.

Accordingly, we WITHDRAW the court's prior opinion of May 6, 2020, and the following opinion is substituted therefor.

## OPINION

Josue Benavides Nolasco seeks review of USCIS's legal determination declaring him ineligible for adjustment to permanent status. Although he has been granted Temporary Protected Status (TPS), he had entered the United States illegally, which would ordinarily bar the adjustment he seeks. He appeals the district court's dismissal for lack of jurisdiction over his claim. We reverse the district court's holding that it lacked jurisdiction, but asserting our jurisdiction over his claim, hold that his claim has no merit. We therefore dismiss the complaint with prejudice.

## I.

Appellant Josue Benavides Nolasco is a national and citizen of El Salvador. In 1997, he entered the United States unlawfully. But in 2002, the government granted him TPS, which means, among other things, that he is legally entitled to live and work in the United States until his TPS is withdrawn. *See* 8 U.S.C. § 1254a. In 2014, Nolasco sought to have his status adjusted to become a permanent resident. Because he had entered the country illegally, Nolasco's request was denied; the government determined that he had not been "inspected and admitted or paroled" into the United States as required for the adjustment he seeks. *See* 8 U.S.C. § 1255(a).

No. 19-30646

Nolasco argues that the government's grant of TPS served to inspect and admit or parole him into the United States, rendering his illegal entry irrelevant. Indeed, this proposition is not unfounded, as it is the law in several other circuits.[1] Seeking to challenge the government's legal interpretation—not the denial of his application itself—but unable to appeal within the immigration system,[2] Nolasco brought this suit in federal district court under several statutes, including the Administrative Procedure Act, 5 U.S.C. §§ 701–706. The government moved to dismiss Nolasco's claims. It argued that 8 U.S.C. § 1252(a)(2)(B)—a statute that removes some immigration decisions from the ambit of judicial review—stripped the district court of jurisdiction. The district court agreed and dismissed Nolasco's case under Federal Rule of Civil Procedure 12(b)(1). Nolasco has properly appealed.

## II.

As mentioned above, Nolasco's journey treads the path of another litigant before this court, Oscar Ernesto Melendez. *Melendez v. McAleenan*, 928 F.3d 425 (5th Cir. 2019). Like Nolasco, after spending time illegally present in the United States, Melendez applied for and received TPS. *Id.* at 426. Several years later, Melendez filed an application for adjustment of status, which was denied by the government because of a legal determination

---

[1] *Ramirez v. Brown*, 852 F.3d 954, 961 (9th Cir. 2017); *Flores v. U.S. Citizenship & Immigration Servs.*, 718 F.3d 548, 553–54 (6th Cir. 2013). *But see Sanchez v. Sec'y United States Dep't of Homeland Sec.*, 967 F.3d 242, 251 (3d Cir. 2020); *Serrano v. U.S. Atty. Gen.*, 655 F.3d 1260, 1265 (11th Cir. 2011) (reaching the opposite conclusion).

[2] 8 C.F.R. § 245.2(a)(5)(ii) provides that "[n]o appeal lies from the denial of an application" for adjustment of status, but "the applicant . . . retains the right to renew his or her application in [removal] proceedings." However, Nolasco cannot be placed in removal proceedings as the government "shall not remove" him or others with TPS "during the period in which such status is in effect." 8 U.S.C. 1254a(a)(1)(A).

that his time spent illegally present in the United States rendered him ineligible for an adjustment—again, just like Nolasco. *Id.* And analogous to Nolasco, Melendez filed an APA suit, challenging the legal determination of his ineligibility for an adjustment of status, but he did not challenge the actual denial of an adjustment itself. *Id.*

In Melendez's case, the district court dismissed his claims for lack of jurisdiction. On appeal, this court reversed, holding that 8 U.S.C. § 1252(a)(2)(B) precludes courts from reviewing only certain discretionary immigration decisions, but not legal determinations. *Id.* (citing *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 215–16 (5th Cir. 2003)). We said that nondiscretionary decisions, such as statutory interpretation and other "pure legal task[s]," do not involve the "review of an [adjustment of status application] decision on the merits[.]" *Akhtar v. Gonzales*, 450 F.3d 587, 592 (5th Cir. 2006). These nondiscretionary decisions are "distinct" and therefore may be reviewed by the courts. *Id.*[3] The *Melendez* court went on to hold that Melendez challenged "a nondiscretionary decision based on the finding he was statutorily ineligible, making Section 1252(a)(2)(B)(i)'s jurisdictional bar inapplicable." *Melendez*, 928 F.3d at 426–27.

We follow *Melendez* in holding that Nolasco sought review of the government's legal interpretation of statutory provisions that govern TPS and adjustment of status. *See* 8 U.S.C. §§ 1254a, 1255(a). Since this is a

---

[3] Although language in *Ayanbadejo v. Chertoff*, 517 F.3d 273 (5th Cir. 2008), may appear unclear on whether our review distinguishes between discretionary and nondiscretionary decisions for purposes of jurisdiction, the distinction is preserved; the *Ayanbadejo* court simply found that one of the questions the plaintiffs presented as a legal determination was actually a question of fact. *See id.* at 277 n.11 ("Although the Ayanbadejos argue that USCIS's basis for refusing to adjust John's status was a legal conclusion that a non-viable marriage precluded the change-in-status John requested, USCIS's predicate determination of whether the Ayanbadejos had a bona fide marriage was a question of fact, not law . . . .").

"pure legal task," it is a nondiscretionary decision that is not barred by the jurisdiction-stripping statute. The district court thus erred.[4] We do have jurisdiction to address Nolasco's claims and proceed further to decide this appeal.

## III.

*Melendez* continues to be our guide. In *Melendez*, the government had moved for dismissal at the district court based on lack of jurisdiction *and* failure to state a claim, each of which Melendez contested. *Id.* at 426. In ruling on these arguments, the district court acknowledged both bases for dismissal but only held that there was no jurisdiction, dismissing under Federal Rule of Civil Procedure 12(b)(1). *Id.* It did not reach the Rule 12(b)(6) claim. *Id.* On appeal, the government and the petitioner each renewed their respective arguments. *Id.* at 427.

After deciding that the district court did in fact have jurisdiction—and acknowledging that the "ruling by the district court was based on jurisdiction"—the *Melendez* panel noted that it was "free to uphold the . . . [district court's] judgment on any basis that is supported by the record." *Id.* at 427 (quoting *Zuspann v. Brown*, 60 F.3d 1156, 1160 (5th Cir. 1995)). Because the Rule 12(b)(6) issue had been litigated, the court proceeded to decide whether Melendez had stated a claim. *Id. Cf. Trinity Marine Prod., Inc. v. United States*, 812 F.3d 481, 486 (5th Cir. 2016) (stating that a court need not reverse a matter decided under Federal Rule of Civil Procedure 12(b)(1) "where a remand would only require a new Rule 12(b)(6) label for the same Rule 12(b)(1) conclusion"). That analysis began by reviewing

---

[4] We should note that the district court did not have the benefit of *Melendez* when it was ruling on the government's motion to dismiss, as *Melendez* was not published until later in the same month.

Melendez's claims de novo. *Melendez*, 928 F.3d at 427. After the panel accepted all well-pled facts as true and viewed all facts in the light most favorable to the plaintiff, the court noted that for Melendez, the only issue in dispute was a legal one: whether, notwithstanding his earlier time illegally present in the United States, TPS could serve to "inspect and admit or parole" him into this country, thus rendering him eligible for adjustment to permanent status. *Id.* Finding that the grant of TPS plainly did not cure his illegal entry according to the terms of the statute, the court held that "[c]onsequently, as a matter of law, Melendez failed to state a claim upon which relief can be granted." *Id.* at 429. The decretal language confirmed the case's holding, vacating the district court's judgment that there was no jurisdiction and entering judgment that the complaint, seeking eligibility for adjustment of status, be dismissed with prejudice (as it failed to state a claim). *Id.* In short, the grant of TPS status did not cure his ineligibility.

We again let *Melendez* guide our analysis. Here, before the district court, the government also moved for dismissal based on lack of jurisdiction and also on failure to state a claim; here, Nolasco responded to both of those arguments. The district court acknowledged both arguments and dismissed the case on jurisdictional grounds under Rule 12(b)(1). On this appeal, Nolasco renewed his contention that he had meritorious claims; the government argued, in the alternative, that the district court's ruling should be upheld on Rule 12(b)(6) grounds. With the same procedural background in place, we make the same choice that the *Melendez* court made and decide this case on Rule 12(b)(6) grounds. The sole issue Nolasco presents for our review is a legal one, and *Melendez* clearly states that TPS does not create a "fictional legal entry" for those who first made their way into this country illegally. *Melendez*, 928 F.3d at 427–29. Therefore, Nolasco fails to state a claim upon which relief can be granted, and his suit must be dismissed.

No. 19-30646

## IV.

In this opinion, we have held that the result in this appeal is dictated by our precedent in *Melendez*. We have applied *Melendez* to determine that the district court did in fact have jurisdiction to hear Nolasco's claims. We have further applied *Melendez* to hold that Nolasco has failed to state a legally cognizable claim. Those with TPS who first entered the United States unlawfully are foreclosed from applying for adjustment of status as a matter of law.

The judgment of the district court concluding there was no jurisdiction is therefore VACATED. We hold that the complaint be DISMISSED WITH PREJUDICE and REMAND for judgment to be entered accordingly.

DISMISSED and REMANDED for entry of judgment.